UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

TERRY W. CRUZ,                     )
                                   )
              Plaintiff,           )      Case  No. SACV 12-600 AJW
                                   )
        v.                         )
                                   )      MEMORANDUM OF DECISION
CAROLYN J. COLVIN[1],              )
Acting Commissioner of Social      )
Security,                          )
                                   )
              Defendant.           )
_____)

        Plaintiff filed this action seeking reversal of the decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's applications for disability insurance benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

                        **Administrative Proceedings**

        The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2-3]. Plaintiff alleged that she became disabled on June 19, 2008 due to chronic pain, numbness, and weakness in her back and extremities, blurred vision, anemia, dizziness, headaches, and diabetes

_____

        [1]    Carolyn W. Colvin is substituted for her predecessor in office, Michael J. Astrue.  See Fed. R. Civ. P. 25(d).

mellitus.  [Administrative Record ("AR") 62, 239, 272, 281, 306].  In an August 24, 2010 written hearing decision that constitutes the Commissioner's final decision in this case, an administrative law judge (the "ALJ") found that plaintiff, then aged 57, had severe impairments consisting of degenerative arthritis in her right knee and diabetes mellitus. [AR 16, 239]. The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform a range of medium work, and that her RFC did not preclude performance of her past relevant work as a mail clerk and as a nurse's aide/unit clerk. [AR 20-21].  Therefore, the ALJ concluded that plaintiff was not disabled through the date of his decision. [AR 21].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision.  Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

Plaintiff contends that the ALJ failed properly to assess the effects of plaintiff's obesity on her ability to work. [See JS 4-8].

Plaintiff's medical records indicate that she was five feet, two inches tall, and that during the period from June 2008 through May 2010, she weighed between 160 pounds and 179 pounds. [AR 827, 830, 855, 871-872, 876-877, 895, 923, 952-955, 963].  During that period, plaintiff's Body Mass Index ("BMI") ranged from a low of 29.3, in the "overweight" category, to a high of 32.7, in the "obese" category.  See National Institutes of Health, National Heart, Lung, and Blood Institute, Body Mass Index Calculator, available at http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm (last accessed May 7, 2013); see

1    also SSR 02-01p, 2000 WL 628049, at *2 (relying on the National Institutes of Health criteria and BMI

2    calculator to determine whether an individual is obese).

3         The ALJ found that plaintiff had severe impairments consisting of degenerative arthritis of the right

4    knee and diabetes mellitus. [AR16-17].  He did not refer to or discuss plaintiff's weight, nor did he make

5    any finding as to whether or not she was obese or had any obesity-related functional limitations, alone or

6    in combination with her other severe impairments.

7         The ALJ has a duty to determine the effect of a disability claimant's "obesity upon her other

8    impairments, and its effect on her ability to work and general health," even where the claimant's obesity was

9    not independently "severe" and was not explicitly alleged to be a "disabling factor." Celaya v. Halter, 332

10   F.3d 1177, 1182 (9th Cir. 2003) (reversing and remanding for a "multiple impairment analysis that explicitly

11   accounts for the direct and marginal effects of the plaintiff's obesity during the period in question and that

12   culminates in reviewable, on-the-record findings"); see SSR 02-01p, 2000 WL 628049, at *3-*7 (directing

13   adjudicators to consider the effects of obesity in all steps of the five-step sequential evaluation).  The Ninth

14   Circuit held that the ALJ erred in not inquiring into the "interactive effects" of the claimant's obesity and

15   her severe impairments of hypertension and diabetes for three reasons:

16        First, it was raised implicitly in [the claimant's] report of symptoms. Second, it was clear

17        from the record that [her] obesity was at least close to the listing criterion, and was a

18        condition that could exacerbate her reported illnesses. Third, in light of [the claimant's] pro

19        se status, the ALJ's observation of [the claimant] and the information on the record should

20        have alerted him to the need to develop the record in respect to her obesity.

21   Celaya, 332 F.3d at 1182.

22        After the Ninth Circuit decided Celaya, the Commissioner deleted obesity from the listing of

23   impairments, but instructed adjudicators to consider whether obesity, alone or combined with other

24   impairments, causes or exacerbates  a claimant's functional limitations.  See 20 C.F.R. Part 404, Subpart P,

25   Appendix 1, ¶¶ 1.00Q, 3.00I & 4.00I (directing adjudicators to "consider any additional and cumulative

26   effects of obesity" because obesity is "a medically determinable impairment often associated with"

27   musculoskeletal, respiratory or cardiovascular impairments that "can be a major cause of disability in

28   individuals with obesity," and stating that the combined effects of obesity with other impairments may be

                                                    3

greater than expected without obesity); SSR 02-1p, 2000 WL 628049, at *3, *5 (stating that obesity is "a risk factor that increases an individual's chances of developing impairments in most body systems" and "may increase the severity of coexisting or related impairments," and explaining that when evidence of obesity is found in the record, adjudicators must consider and explain whether obesity, alone or interacting with other impairments, causes any physical or mental limitations).

The facts of this case are analogous to <u>Celaya</u>. First, obesity was "raised implicitly in [plaintiff's] report of symptoms," even though plaintiff did not explicitly allege that obesity was a disabling factor. <u>Celaya</u>, 332 F.3d at 1182. In <u>Celaya</u>, the claimant subjectively complained of symptoms of dizziness, tiredness, and headaches, and the ALJ found that she had severe impairments consisting of diabetes and hypertension. <u>Celaya</u>, 332 F.3d at 1179, 1182. Here, plaintiff's subjective symptoms included pain, numbness, weakness, dizziness, and headaches, and the ALJ found that she had severe impairments of diabetes and degenerative arthritis in the right knee. [AR 16-19].

Second, it was clear from the record that plaintiff was considered "obese" under the NIH criteria during at least part of the relevant period, and her obesity was "a condition that could exacerbate her reported illnesses." <u>Celaya</u>, 332 F.3d at 1182. The Commissioner has concluded that obesity is a risk factor for developing diabetes mellitus and musculoskeletal disorders, including arthritis, and that obesity may cause greater functional effects than would be expected if such impairments are considered separately. <u>See</u> 20 C.F.R. Part 404, Subpart P, Appendix 1, ¶ 1.00Q ("Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately."); SSR 02-1p, 2000 WL 628049, *3, *6 (stating that obesity is a risk factor that increases an individual's chances of developing chronic diseases of the musculoskeletal body systems, type II diabetes mellitus, and osteoarthritis, among other things, and that the combined effects of those impairment with obesity "may be greater than might be expected without obesity"). Therefore, irrespective of whether plaintiff's obesity could be considered independently severe, it is relevant to assess the nature, severity, and functional effects of plaintiff's severe impairments as found by the ALJ.

Third, like the claimant in <u>Celaya</u>, plaintiff was not represented during the administrative hearing.

Consequently, the ALJ had a "heightened" duty to "fully and fairly develop the record and to assure that the claimant's interests are considered," and to be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Celaya, 332 F.3d at 1183 (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983); Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam)). "[I]n light of [plaintiff's] pro se status, the ALJ's observation of [the claimant] and the information on the record should have alerted him to the need to develop the record in respect to her obesity." Celaya, 332 F.3d at 1182. During the hearing, which was only 18 minutes long, the ALJ did not inquire into plaintiff's height, weight, or the effect of her documented obesity on her allegedly disabling conditions. Although plaintiff had some nursing education [AR 31], and therefore was not at the same disadvantage as the illiterate claimant in Celaya, nothing in the record suggests that plaintiff knew that she could "assert obesity as a partial basis for her disability." Celaya, 332 F.3d at 1183. Furthermore, the ALJ's decision gives no indication that he considered the evidence of obesity in the record or the interactive effects of plaintiff's obesity, even implicitly. Cf. Burch v. Barnhart, 400 F.3d 676, 681-682, 684 (9th Cir. 2005) (distinguishing Celaya where the claimant was represented by counsel during the hearing, and where the ALJ found that the claimant's obesity "likely contributed to her back discomfort," but properly concluded that her obesity did not impair her ability to work).

Under Celaya, this case must be reversed and remanded for further development of the record, an evaluation of the effect of plaintiff's obesity on her other impairments, subjective symptoms, and RFC, and for issuance of a new decision containing appropriate findings. See Celaya, 332 F.3d at 1183.[2]

///

///

///

**Conclusion**

---

[2]    This disposition makes it unnecessary to consider separately plaintiff's contention that the ALJ's credibility finding was flawed.

5

1    For the reasons stated above, the Commissioner's decision is not supported by substantial evidence

2   and is not free of legal error.  Accordingly, defendant's decision is reversed, and this matter is remanded

3   for further administrative proceedings consistent with this memorandum of decision.

4   **IT IS SO ORDERED.**

5

6   May 8, 2013

7   _____

8   ANDREW J. WISTRICH
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28